Thomas C. Horne, Esq. SBA 002951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **EDWARD LEWIS BROWN**, | **NO.** |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Civil Rights Violation, Including Violation of 42 U.S.C. §1983, Battery)** |
| **CITY OF PHOENIX**, **PHOENIX POLICE DEPARTMENT, MUNICIPAL ENTITIES, and KENNTH SILVIA and JANE DOE SILVIA, husband and wife**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. All parties are residents of or located in this district. Jurisdiction and venue are proper in this district. Defendant Kenneth Silvia was, at the relevant time, a police officer employed by Defendants City of Phoenix and Phoenix Police Department. The acts of Defendant Silvia alleged in this complaint were for the benefit of the community consisting of himself and his wife, whose true name will be substituted when known.

2. This action arises under the Constitution of the United States, Amendments 4 and 14.

3. This Court has jurisdiction under 42 U.S.C. §1983. It also has jurisdiction over the battery claim as pendent jurisdiction.

4. Venue is proper in this district under 28 U.S.C. §1391(B).

**FACTS**

5. On July 5, 2018, Defendant Silvia was dispatched to respond to an anonymous call, claiming that there was a "suspicious person" at 2201 W. Heatherbrae. Further information from the call was that there was a group of individuals consisting of black males, black females, and either a Hispanic male or female, in the alley behind 2201 W. Heatherbrae, possibly using drugs. Plaintiff was one of the individuals. The allegation about drugs was false.

6. Silvia arrived and with no justification, attempted to handcuff Plaintiff. Plaintiff ran. Silvia chased. During the chase, Silvia—without justification—shot Plaintiff in the back. Plaintiff at all times was unarmed, and was not a threat to Silvia or anyone else.

7. This was a violation of Plaintiff's rights under the U.S. Constitution, including, but not limited to, the prohibition against unreasonable seizure prohibited by the fourth amendment to the U.S. Constitution, made applicable against the state by the 14th amendment to the Constitution, and is actionable pursuant to 28 U.S.C. 1983.

8. The bullet shot by Defendant Silvia was a hollow tip bullet which

shattered and destroyed Plaintiff's spine at the T7-T8 level. Plaintiff was rendered a paraplegic as a result. He has suffered, and will permanently suffer, pain, disability, and loss of quality of life.

9. Plaintiff has no movement or feeling from the mid-chest down. He has no control over bladder or bowels. Prior to the shooting he was a physically active person. This is a cosmically tragic event for him, for the rest of his life.

10. The City of Phoenix and the Phoenix Police Department are liable for the actions of officer Silvia under the doctrine of respondeat superior, in that he was acting in the course and scope of his employment by the City of Phoenix and the Phoenix Police Department at the time. In addition, on information and belief, the City of Phoenix and the Phoenix Police Department were negligent in their recruitment and training of Officer Silvia. All Defendants are also liable in that shooting Plaintiff in the back was an act of battery against him.

11. Defendant Silvia claimed that plaintiff attempted to reach for Sylvia's gun, that Plaintiff's finger tipped the end of Sylvia's gun, and that this was why Sylvia shot. This claim by Silvia is false. If it had been true, Plaintiff would have been shot in the front, not the back.

12. In addition, if this had been true, Plaintiff's fingerprints and/or DNA would have been on the gun. The gun was tested by the Phoenix Police and neither Plaintiff's fingerprints nor DNA were found.

13. Silvia's version of events is also inconsistent with where the bullet casing

3

was found.

Detective Pacifico described the scene, a pathway leading north to a circular seating area with a pillar in the middle, then continuing north to a gate. Officer Silvia reported that he fired his gun 15.5 feet south of the gate, a couple feet "due west to east" from the pillar. The bullet casing was "on the dirt/grass **northwest** of the circle walkway, **between the apartment wall** and **the low wall** around the circle walkway." The casing was about 9.5 to 10.5 feet west of the north-south centerline of the sidewalk circle, and about 7 to 8 feet north of the pillar. If the casing ejected to the right, according to the police, it was a full **eight feet** north of where Officer Silvia claimed to be, and far to the west.

14. The police reports inconsistently lay out the nexus of the incident. Detective Hamas wrongly termed it a "semicircle," Detective Pacifico reported the outer diameter of the sidewalk but not the inner diameter. The width of passage between the wall and the pillar barely exceeds 5', is further constrained by the curve of the pony wall. It is not practical for two men weighing 180 lbs and 200 lbs, to run past each other in this space.

### COUNT ONE

**(Violation Of Civil Rights Under 42 USC § 1983, Against Defendant Kenneth Sylvia)**

15. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

4

16. Plaintiff's rights under the Constitution of the United States, Amendments 4 and 14, was violated by unreasonable seizure when Defendant Silvia shot Plaintiff in the back.

17. Defendant Silvia was acting under the color of State law as a police officer when he shot Plaintiff in the back.

18. Defendant Silvia's shooting of Plaintiff in the back was deliberate, purposeful, and knowing.

19. Defendant Silvia did not need to shoot Mr. Brown.

20. The extent of Mr. Brown's injury is great, indeed pressing against the limits of nonlethal injury.

21. Defendant Silvia had a taser, but did not temper or limit the amount of force used against Mr. Brown.

22. The severity of the security problem at issue in the pursuit was minimal, if nonexistent.

23. Defendant Silvia did not reasonably perceive any threat in the pursuit.

24. The list of *Graham* considerations are not exclusive, and Plaintiff reserves the right to assert other facts alleged as basis for excessive force.

25. Defendant Silvia is liable for use of excessive force against Plaintiff.

26. Defendant Silvia is liable for violating Plaintiff's civil rights under 42 USC §1983.

# COUNT TWO

### (Violation of Civil Rights Against Defendants City of Phoenix and Phoenix Police Department)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. An employer-employee relationship existed between Defendant City of Phoenix through Defendant Phoenix Police Department and Defendant Silvia, who was employed as an officer when he shot Plaintiff in the back.

29. Defendant Silvia's actions when he shot Plaintiff in the back were within the scope and course of his employment with Phoenix Police Department, as he was on duty responding to a "suspicious activity" report.

30. Defendants City of Phoenix and Phoenix Police Department are liable for the violation of civil rights by Defendant Sylvia under the doctrine of *respondent superior*.

# COUNT THREE

### (Negligence Against City of Phoenix and Phoenix Police Department)

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. The training program which trained Defendant Silvia was inadequate in relation to the circumstances presented in this case.

33. The failure to train Defendant Silvia amounts to deliberate indifference

6

to the rights of persons with whom the police come into contact.

34. The inadequacy of training caused the deprivation of Plaintiff's rights under the Constitution of the United States, Amendments 4 and 14, when Defendant Silvia shot Plaintiff in the back.

35. Defendants City of Phoenix in Phoenix Police Department are liable for negligent selection and training of Defendant Silvia.

## COUNT FOUR

### (Battery Against Defendant Sylvia)

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendant Silvia acted intentionally when he shot Plaintiff in the back.

38. Defendant Silvia intended to contact Plaintiff by firing his gun.

39. Defendant Silvia offensively contacted Plaintiff when he shot Plaintiff in the back.

40. Plaintiff was harmed as direct consequence of Defendant Silvia shooting him in the back.

41. Defendant Silvia's actions were the proximate cause of Plaintiff's injuries.

42. Defendant Silvia is liable for battery against Plaintiff.

## COUNT FIVE

### (Battery Against Defendants City of Phoenix and Phoenix Police Department)

7

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44. Defendants City of Phoenix and Phoenix Police Department are liable for Defendant Silvia's battery against Plaintiff under the doctrine of *respondeat superior*.

Therefore, Plaintiff prays for damages against Defendants, and each of them, for reasonable damages, for attorneys' fees, for costs incurred, and for such other and further relief as the Court deems proper.

**DATED** December 5, 2018.

**HORNE SLATON, PLLC**

By:  */s/ Thomas C. Horne*
     Thomas C. Horne, Esq.
     *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a jury trial.

**DATED** December 5, 2018.

**HORNE SLATON, PLLC**

By:  */s/ Thomas C. Horne*
     Thomas C. Horne, Esq.
     *Attorneys for Plaintiff*